(No. 2775. Jan. 21, 1924.)

BROOKS v. LEADINGHOUSE.

### SYLLABUS BY THE COURT.

In the absence of a covenant to that effect, a landlord is under no obligation to make repairs upon the leased premises.

Appeal from District Court, Otero County; Ed Mechem, Judge.

Action by J. S. Brooks against L. W. Leadinghouse. From a judgment for defendant, plaintiff appeals. Reversed and remanded, with directions.

Lee R. York, of Alamogordo, for appellant.
J. L. Lawson, of Alamogordo, for appellee.

### OPINION OF THE COURT.

PARKER, C. J. Appellant brought an action for $101.83, alleged to be the amount due as rent for certain premises, of which the appellee was a tenant under a written lease, executed by appellant's predecessor in title. The case was tried before the court without a jury, and resulted in a judgment denying relief to the appellant.

The controversy arose out of the fact that a very unusual storm occurred which so damaged the roof of the building that the appellee was obliged, in order to use the building, to put on a new roof, the expense whereof was the amount sued for, and which he had deducted from the rentals due to the appellant under the written lease. The lease contained the following covenant:

"And the said party of the second part [appellee] further covenants with the said party of the first part [appellant's grantor] that the second party has received the said demised premises in good order and condition, and at the expiration of the time of this lease mentioned, he will yield up said premises to the said party of the first part in as good order and condition as when the same were entered upon by the

said party of the second part, loss by fire or inevitable acci-
dents, or ordinary wear excepted, and also will keep said
premises in good repair during the lease at his own expense."

The lease contains no covenant obligating the lessor
to make repairs. Much argument in the briefs on both
sides is devoted to the question of the proper construc-
tion of the above covenant of the lessee, one arguing
that it obligated the lessee to repair or rebuild the
roof, and the other that it did not; but, as we shall
immediately see, the argument has no relevancy to the
decision of the case. There is a universally established
doctrine that a landlord, in the absence of a covenant
on his part to repair, is under no obligation whatever,
as between him and the tenant, to repair the building.
16 R. C. L. Landlord and Tenant, §552; 1 Tiffany on
Landlord and Tenant, §87; Underhill, Landlord and
Tenant, 511; 1 Taylor's Landlord and Tenant, §327;
5 Elliott on Contracts, §4565; Jones on Landlord and
Tenant, §404. This being the case, it is immaterial as
to what effect the tenant's covenant in the lease had.
If he expended the $101.83, which he assumed to deduct
from the amount of rent due from him under the lease,
in the repair on reconstruction of the roof, he was ob-
ligated by his covenant so to do, he has no remedy
against the landlord. On the other hand, if he was
not so obligated, he was a mere volunteer, and has no
right of recovery against the landlord.

It follows that in either event the tenant had no right
to deduct the amount mentioned from the rent due the
landlord, and the landlord was entitled to recover the
amount sued for.

From all of the foregoing it appears that the judg-
ment of the district court is erroneous, and should be
reversed, and the cause should be remanded to the dis-
trict court, with directions to enter judgment in favor
of the appellant for the amount sued for, and it is so
ordered.

BRATTON and BOTTS, JJ., concur.